## Richmond

CHRISTINE E. CARSWELL, ETC.

v.

MICHAEL J. MASTERSON

October 15, 1982.

Record No. 801448.

Present: Carrico, C.J., Cochran, Poff, Compton, and Thompson, JJ., and Harrison, Retired Justice.

*Carl G. Womack, Jr.,* for appellant.
No brief for appellee.

HARRISON, R.J., delivered the opinion of the Court.

In this case we decide whether the court below has the authority to award attorneys' fees incurred by a wife in a contempt proceeding to enforce the terms of a final decree of divorce.

Christine E. Carswell, née Masterson, obtained an absolute divorce from her husband, Michael J. Masterson, on November 14, 1974. She was awarded custody of their two minor children, and the husband was ordered to pay for their support. Subsequent thereto, Masterson was three times found in contempt for failure to pay such support, and by January 12, 1980, the arrearage amounted to $6050.94. Although Masterson was found in contempt, imposition of sentence was suspended until March 7, 1980, conditioned upon his payment of $325 each two weeks on the amount he owed. Carswell then moved for an award of attorneys' fees that she had incurred in pursuing the contempt proceeding against Masterson. Her motion was denied, and she appealed.

Carswell contends, *inter alia,* that courts of equity have the power to award attorneys' fees to a parent who is forced, by the willful refusal of his or her former spouse to pay the child support ordered by the court, to petition the court to enforce its order. She argues that courts of equity originated to provide a remedy where none existed in a court of law and are necessary to provide parties with a complete remedy. She says that if the trial court is upheld equity has not provided her with a complete remedy and that a recalcitrant parent is thereby permitted to frustrate the court's order. Our decision here is controlled by *Alig* v. *Alig,* 220 Va. 80, 255 S.E.2d 494 (1979) and *McKeel* v. *McKeel,* 185 Va. 108, 37 S.E.2d 746 (1946).

In *McKeel,* the wife had been awarded spousal and child support by decree of the Florida court which granted her a divorce. Subsequent thereto, her former husband moved to Virginia and refused to make the support payments. The wife then filed a bill in chancery in the Circuit Court of Norfolk County, praying that " 'judgment be rendered' against her husband for both accrued and future installments of alimony and support money, in accordance with the provisions of the Florida decree." 185 Va. at 110, 37 S.E.2d at 747. We held that full faith and credit required the recognition of the Florida decree as to past due installments, and that upon principles of comity Virginia courts "*may* establish as their own decree a foreign decree for future payments of alimony, with the same force and effect as if it had been entered in Virginia, provided, of course, the foreign decree violates no public

policy of Virginia." 185 Va. at 113, 37 S.E.2d at 749. We concluded "that a decree for alimony and support money, granted by a foreign court, may be established and enforced by and through the equity courts of this State, with the incidental power of enforcement of such a decree by attachment for contempt." 185 Va. at 116, 37 S.E.2d at 750. We then directed that the husband be required to pay the wife's attorney a reasonable fee for services in this Court, and said:

> While the present proceeding is not a suit for divorce, in which a fee is usually allowed the wife's counsel under the authority of Code, Sections 5106 (as amended) and 5107, under the view we have adopted it is not merely a suit to collect a debt due under a foreign decree. It is a proceeding to collect alimony and support money. Its purpose is to establish and enforce, through the decree of the Virginia court, the decree of the Florida court, requiring the payment of such alimony and support money. [Citations omitted] The domestic decree based on the foreign decree is enforceable by means of all of the equitable remedies available to the local court in like cases.

185 Va. at 116-17, 37 S.E.2d at 750.

In *Alig,* a Maryland court granted the wife an absolute divorce and custody of the parties' minor children. The husband was ordered to pay his former wife $300 per month as alimony. He subsequently moved to Virginia Beach, and the wife thereafter instituted a proceeding for enforcement of the alimony provisions of the Maryland decree and payment of arrearages. Citing *McKeel,* we approved use of the comity doctrine to enforce a foreign decree for alimony which was not enforceable under the full faith and credit clause. We also approved the allowance of interest on the award and held that the wife was entitled to recover attorneys' fees. We said:

> The allowance of attorneys' fees in a suit to establish and enforce a foreign decree of alimony has been previously approved by us in *McKeel, supra* at 116-17, 37 S.E.2d at 750-51. Mrs. Alig was forced to employ attorneys to establish and enforce her rights which were resisted by her former husband throughout this extensive litigation. Her legal expense is attributable to his recalcitrance.

220 Va. at 86, 255 S.E.2d at 498.

It therefore appears that we have approved the award of attorneys' fees incurred by a party to a suit in equity brought in Virginia to enforce a decree for spousal and child support awarded in Florida, and by a party to a proceeding in Virginia to enforce a decree for alimony awarded in Maryland. Further, in *Heflin, v. Heflin,* 177 Va. 385, 14 S.E.2d 317 (1941), we held that a court of equity had jurisdiction to entertain a bill for alimony without a prayer for divorce and ordered the trial court to award the wife her counsel fees.

The argument is equally compelling for holding that courts have the power to award counsel fees incurred in divorce cases where contempt proceedings have to be initiated and conducted to enforce an order of the court. This is particularly true where the custody of a child, or child support, is involved because of the court's continuing concern for the welfare of children, and because a parent's common law duty to support his or her children is not affected by the entry of a final decree in a divorce case terminating the parent's marital relationship.

An aggrieved party to a divorce suit has the right to petition for relief, and the court has the authority to hold the offending party in contempt for acting in bad faith or for willful disobedience of its order. Consistent with our prior decisions, we hold that in such cases a court has the discretionary power to award counsel fees incurred by an aggrieved party incident to contempt proceedings instituted and conducted to obtain enforcement of an order of the court.

The decree of the lower court is reversed, and the case is remanded for such further proceedings as may be indicated, not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*