COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Baker and Elder


EDWIN EUGENE GELLETLY
                                        MEMORANDUM OPINION[*]
v.   Record No. 0782-97-2                   PER CURIAM
                                        DECEMBER 16, 1997
ELANA H. GELLETLY


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Theodore J. Markow, Judge

             (Larry A. Pochucha; Brenner, Dohnal,
             Evans & Yoffy, P.C., on briefs), for
             appellant.

             (Denis F. Soden; Eileen A. Smith; Spinella,
             Owings & Shaia, on brief), for appellee.


        Edwin Eugene Gelletly (husband) appeals the decision of the

circuit court denying his motion to terminate spousal support

paid to Elana H. Gelletly (wife).  Wife did not appeal the

circuit court's denial of her motion to increase spousal support.

Husband contends that the trial court erred by (1) failing to

impute income to wife; (2) imputing income to husband; (3)

failing to reduce or terminate spousal support payments to wife;

and (4) failing to find wife in civil contempt.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

        These parties previously have appeared before this Court.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

See Gelletly v. Gelletly, Record No. 1127-95-2 (Va. Ct. App. Jan. 23, 1996). Under the doctrine of the law of the case, the parties are bound by this Court's previous determinations.

> Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either.

Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917). Therefore, legal and factual conclusions previously reached are not subject to review in this appeal.

## Imputation of Income to Wife

Husband contends that the trial court erred by failing to impute adequate income to wife. The trial court found that wife misled the court during a 1995 hearing when she failed to inform the court that she had obtained a full-time job earning $24,243. The court found that wife's explanations for her 1995 testimony lacked credibility and gave little weight to wife's current income and expense statement.

Nonetheless, the court found there was insufficient evidence to support the conclusion that it should impute income to wife at the rate she earned during the one month she held the full-time position. The evidence demonstrated that the quality of wife's work was unsatisfactory and that she did not successfully complete the probationary period. While husband argued that wife lost her full-time position due to misconduct, the trial court

found insufficient evidence that it was wife's misconduct that caused her to lose the job. Because the court's finding is supported by evidence, we will not disturb it on appeal.

Moreover, the trial court was entitled to determine what weight to afford the testimony of husband's expert witness. The expert opined that wife was qualified to earn approximately $18,000 to $22,000 annually based in part on the managerial experience she acquired in the full-time position, even though she lost the job due to poor performance. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc).

Based upon the evidence which the court found did not demonstrate a material change in circumstances, we find no error in the trial court's decision to impute income to wife at her previous salary scale of $6.00 an hour rather than $24,243 annually.

## Imputation of Income to Husband

Husband contends that the trial court erred by imputing income to him in the amount of $85,000. In the previous appeal, we affirmed the trial court's finding that husband was capable of earning $85,000 annually. That finding became the law of the case, modifiable only upon a showing of a material change in

circumstances.  See Steinman, 121 Va. at 620, 93 S.E. at 687.

Upon husband's new motion to terminate spousal support, the trial court found husband's testimony unreliable and ruled that husband failed to prove a material change in circumstances since the last hearing.  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide."  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  In light of the court's finding that the parties failed to demonstrate a material change in circumstances, we find no error in the trial court's decision to continue to impute income to husband at the level previously adjudicated.

### Denial of Motion to Reduce or Terminate Spousal Support

Husband contends that the trial court erred when it denied his motion to reduce or terminate spousal support.  As the party seeking a modification of spousal support, husband was required to prove a material change in circumstances since the last hearing and that the change warranted a modification of support.  See Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  The trial court found that neither party presented credible evidence.  Husband failed to substantiate his assertion that there had been a material change in circumstances since the last hearing.  We will not disturb the credibility determinations made by the trial court, nor will we reverse its findings of fact based upon the record.

## Civil Contempt

Finally, husband contends that the trial court erred by failing to hold wife in contempt of court for her testimony in the 1995 hearing. A trial court "'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'" Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (quoting Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982)).

> "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree [is] not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. . . ."

Leisge v. Leisge, 224 Va. 303, 309, 296 S.E.2d 538, 541 (1982) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)). Whether to find a party in contempt is left to the discretion of the trial court, whose determination will not be reversed on appeal absent abuse. Husband has not demonstrated that the trial court abused its discretion by failing to hold wife in civil contempt.

Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.