COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


MARY KATHLEEN HILL

                                    MEMORANDUM OPINION* BY
v.    Record No. 2077-01-4          JUDGE JAMES W. BENTON, JR.
                                         JULY 2, 2002
WILLIAM JOHN HILL, SR.


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      William D. Hamblen, Judge

         Charles B. Roberts for appellant.

         Carol L. Hill for appellee.


     This appeal arises from the trial judge's order finding that

William John Hill, Sr., the appellee, did not willfully violate

the terms of either the final decree of divorce or the parties'

property settlement agreement.  Mary Kathleen Hill, the appellant,

contends the trial judge erred by (1) permitting the parties to

introduce parol evidence of the parties' intentions and (2)

finding that appellee's conduct was not willful.  We affirm the

judgment.

                                I.

     The parties were divorced by a final decree entered on

August 20, 1999.  In pertinent part, the decree provides as

follows:

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

That the written settlement agreement executed by the parties titled Property Settlement Agreement, dated April 2, 1999, is hereby affirmed, ratified and incorporated, but not merged, into this Final Decree of Divorce.

\*       \*       \*       \*       \*       \*       \*

That upon the [appellee's] retirement from the United States Navy, the [appellant] shall then receive an amount equal to fifty percent (50%) of the marital fraction of the [appellee's] disposable retired pay . . . .

The property settlement agreement contains the following provisions germane to this appeal:

Upon the [appellee's] retirement, the [appellant] shall during the joint lives of the parties receive as an alternate payee by direct payment from the NAVY FINANCE CENTER or other appropriate authority a portion of the [appellee's] lifetime retirement benefits, including cost-of-living increases or other adjustments thereafter accruing. The [appellant's] share of such benefits shall be determined by multiplying fifty percent (50%) of the life-time retirement benefits receivable at any time by the [appellee] on a monthly or other regular basis by the "marital fraction" of such benefits. . . .

\*       \*       \*       \*       \*       \*       \*

The parties understand and agree that the [appellee] will receive an approximate 20% disability rating from the United States military and that this disability rating will reduce the gross amount that he will receive from his military retirement in the amount of approximately $250.00 per month. The parties further understand and agree that the [appellant] shall have no interest in the separate disability check that [the appellee] will receive from the Veteran's Administration.

-

   \*   \*   \*   \*   \*   \*   \*

> The [appellee] agrees not to merge his military retired pay with any other pension, and not to waive any portion of such pay in order to receive other retired or disability pay, other than the above-mentioned 20% disability rating that the parties contemplate the [appellee] receiving. The [appellee] agrees not to take any action that would defeat or adversely affect the [appellant's] right to receive her proportionate share of the retired pay or that would cause a reduction of or limitation in the amount of retired pay, (except for the 20% disability rating identified above) to which the [appellant] is entitled under this Agreement. The [appellee] shall indemnify and hold the [appellant] harmless with respect to this provision.

In March 2001, the appellant filed a petition to require appellee "to show cause . . . why he should not be held in contempt . . . for his willful failure . . . to abide by the terms" of the final decree and settlement agreement. At a hearing, the trial judge considered evidence <u>ore</u> <u>tenus</u>. In lieu of a transcript of that hearing, the record contains a statement of facts. <u>See</u> Rule 5A:8. The statement, however, does not consist of one document, but, instead, it is a synthesis of appellant's written statement, appellee's objections and alternative statement, and the trial judge's ruling adopting parts of the two statements.

Applying the usual standard of review, we view the evidence in the light most favorable to the appellee. <u>Pinkard v. Pinkard</u>, 12 Va. App. 848, 850, 407 S.E.2d 339, 340 (1991). So

-

viewed, the evidence establishes that a month after the final decree was entered in 1999 appellee had a pre-retirement physical examination as required by the United States Navy. He retired from the Navy a month later. Appellee had not been rated for disability at that time. In January 2001, the Veterans Administration determined appellee's disability rating to be 60%. The evidence established that "[u]pon this disability rating being issued, the appellant's payment was reduced from $2,038.14 per month to $1,703.24, a reduction of $334.90 per month, as opposed to the $250.00 per month which was stated in the property settlement agreement."

At the evidentiary hearing, "the appellant testified that at the time of the negotiations that [led] to the execution of the Agreement, she was extremely concerned about the issue of disability rating because she feared that she could lose her entire marital share of the retired pay benefit if the appellee retired on . . . full . . . disability, and therefore she wanted a 'ceiling' on the amount of any . . . reduction before she would agree to the other terms and conditions of the Agreement." In contrast, appellee testified as follows:

> [H]e did not recall any specific
> negotiations regarding the indemnification
> language, but . . . he understood that the
> purpose of that language was so that he
> could not take another government or
> civilian job which would negate his military
> pension, so as to defeat the appellant's
> right to share in his military pension. It
> was his position consistently that the 20%

-

was just an approximation and that neither he nor anyone else could predict what his ultimate disability rating would be. Appellee testified that he had not kept any copies of any documents which he submitted in connection with his retirement. Further, he testified that the . . . filing for Compensation and Pension happens during the normal course of every military person's retirement and that he took no actions above and beyond the normal course of such a retirement. He testified that he did not APPLY for a 60% disability rating, or any OTHER percentage disability rating. He filed a Veteran's Application for Compensation or Pension, in the normal course of his retirement, as required of all military personnel upon retirement.

In pertinent part, the statement of facts recites that the trial judge found as follows:

At the conclusion of the evidence, the Court found that the Appellee had in fact retired, and that, in the course of that retirement, that he had received disability pay. The Court examined the actions taken by the Appellee in the course of that retirement to determine whether the Appellee had violated any of the terms of the Agreement or the Divorce Decree. The Court found that the Appellee had taken no SEPARATE action in addition to that retirement to apply for disability pay in any specific amount and that it was not within the Appellee's control as to what specific percentage of disability that he would receive. The Court found that the Appellee had complied with military regulations which required him to take a physical at the time of his retirement and that he had taken no specific action which placed him in WILFUL contempt of Court, and found that the Appellee had not wilfully violated the terms of the Property Settlement Agreement and Divorce Decree.

-

II.

The principle is well established that "[i]f . . . [an] instrument is uncertain and ambiguous, oral evidence may be received to show all the attendant circumstances existing at the time the deed was executed, including the situation of the parties and their relationship." Camp v. Camp, 220 Va. 595, 598, 260 S.E.2d 243, 245 (1979). In this case the parties' agreement provides "[t]he parties understand and agree that [appellee] will receive an approximate 20% disability rating from the United States military." When the parties entered into the agreement, the appellee was on active duty in the Navy. Because appellee had not then applied for or received a disability rating, the term, "approximate 20% disability," was not unambiguous. The term lacked precision and left at issue the intention of the parties if the disability rating deviated from the approximation. Thus, we hold that, because the words of the agreement were of doubtful import, the trial judge did not err in allowing parol evidence to explain the parties' intentions. In so holding, we note the matter before the trial court, and now before this Court, was limited to a rule to show cause for contempt directed to the appellee. Our ruling, therefore, does not address the meaning of "appropriate 20% disability" or any like term of the property settlement agreement and 1999 decree.

-

III.

Appellant further contends the trial judge erred in finding no willful violation. We disagree.

A trial judge "has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). See also Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954). In the civil context, "willfulness is used in the mere cognitive sense." Intercounty Constr. Co. v. Occupational Safety & Health Review Comm'n., 522 F.2d 777, 780 (4th Cir. 1975). "[I]t means purposely or obstinately and is designed to describe the attitude of a [person], who, having a free will or choice, either intentionally disregards the [decree] or is plainly indifferent to its requirements." United States v. Illinois Cent. R.R. Co., 303 U.S. 239, 243 (1938).

The trial judge found that appellee had acted in accordance with his understanding of the agreement and that he had not taken action other than what was necessary to apply for disability, which the decree and property settlement agreement clearly contemplated. The judge found that appellee had taken a physical at the time of his retirement, which military regulations required him to take, and had taken no separate action in willful disregard of the decree or settlement agreement. The evidence supports these findings. The evidence

-

in this case failed to prove appellee acted either in bad faith or in willful disobedience of the decree or the agreement.  For these reasons, we affirm the judgment.

<u>Affirmed</u>.