COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Kelsey and Senior Judge Hodges


KAREN A. DELUCA

                                                        MEMORANDUM OPINION[*]
v.        Record No. 3021-04-4                              PER CURIAM
                                                          JUNE 14, 2005
DENIS KATCHMERIC


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            M. Langhorne Keith, Judge

                (Karen A. DeLuca, *pro se*, on briefs).

                (Michael A. Ward, on brief), for appellee.


        Karen A. DeLuca, wife, appeals a decision of the trial court finding her in contempt of court

for failing to abide by the terms of the parties' final divorce decree.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  We summarily affirm the

decision in part, see Rule 5A:27, and we dismiss the appeal in part.

        The parties were married in 1984 and separated in 2001.  On June 25, 2004, the trial court

entered a final divorce decree which provided for the sale of the parties' condominium within 120

days from the date of entry of the order.  The final decree also provided that Denis Katchmeric,

husband, would pay the existing mortgage secured by the property until settlement on the sale of the

property.  Wife refused to sign a listing agreement with a real estate agent for the sale of the

property.  Husband filed a motion to compel wife to sign a listing agreement or the appointment of a

special commissioner to execute the listing agreement and related documents on her behalf if she

continued to refuse to sign the documents.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 17, 2004, the trial court entered an order directing wife to sign a listing agreement and all related documents. The order also appointed a special commissioner to act on wife's behalf in the event wife failed to sign the documents by the close of business on September 17, 2004. Wife failed to sign the listing agreement, and the special commissioner signed the agreement on October 18, 2004.

Subsequent to the execution of the listing agreement, wife failed to cooperate with real estate agents concerning their access to the condominium in order to show the property to prospective purchasers. Husband again filed a motion to compel and a motion for finding of contempt and sanctions based on wife's failure to cooperate in the sale of the property. On November 12, 2004, the trial court held a hearing wherein both parties presented evidence. The trial court granted husband's motions and ordered that a lock box be placed on the residence, that wife provide to the real estate agent all keys necessary to gain access to the property, and that wife be absent from the property when prospective buyers were looking at the residence.

In addition, the court granted husband's request that wife be ordered to pay the monthly condominium fees associated with the property beginning in November 2004. The court also ordered that at the settlement husband would receive reimbursement for all principal paid by him on the mortgage loan since the entry of the final divorce decree, plus interest at the judgment rate from November 1, 2004 on the total amount of principal paid. Furthermore, the court ordered that wife could obtain, at her own expense, a fair market appraisal of the property which she could present at the next hearing. The trial court then continued the case until December 17, 2004 for a review of the status of the sale of the property, for other proceedings consistent with the order, and to consider husband's request for attorney's fees.

In addition to challenging the trial court's finding of contempt, wife presents several arguments concerning the trial court's rulings regarding the sale of the condominium. For example,

she asserts the trial court erred by ordering the placement of the lock box on the residence and ordering her to leave the premises when it was being shown to prospective buyers. However, the November 19, 2004 order from which wife appeals was not a final order concerning the sale of the property. "'A final order is one which disposes of the whole subject, gives all the relief contemplated, . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (citations omitted). Indeed, the November 19, 2004 order specifically continued the matter until December 17, 2004 for a review of the status of the sale of the property. The Court of Appeals has appellate jurisdiction over final decisions of the circuit courts in domestic relations cases and interlocutory orders involving injunctions or "adjudication [of] the principles of a cause." Code § 17.1-405. Therefore, to the extent wife's appeal raises arguments concerning the trial court's rulings regarding the specifics of the sale of the condominium, this Court is without jurisdiction to entertain the appeal. We dismiss those issues without prejudice.

Wife also asserts the trial court failed to act impartially in the case. However, wife failed to present this argument to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

Wife contends the trial court abused its discretion by finding her in contempt because she did not violate any court orders.

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such." Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954). A trial court "has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899,

901 (1982). It is well established that "use of contempt powers is clearly subject to the discretion of the trial court." Sapp v. Commonwealth, 263 Va. 415, 425, 559 S.E.2d 645, 650 (2002). Even where a court has found that a party to litigation has violated an order of the court and could be held in contempt, the trial court retains its discretion whether to enter the finding of contempt and impose sanctions. Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

The final divorce decree, entered on June 24, 2004, provided that the condominium "shall be sold within one hundred twenty (120) days from the entry of this Decree." Husband's evidence established that wife repeatedly failed to cooperate in taking the necessary steps in order to sell the property in compliance with the court's order. Wife initially refused to sign a listing agreement with a real estate agent, requiring the appointment of a special commissioner to execute the agreement. Subsequently, wife failed to cooperate with real estate agents attempting to show the property to prospective buyers. During this lengthy process, husband filed two motions to compel wife's cooperation in the sale of the property and the record shows that about six months passed from the date of entry of the final divorce decree to the date of settlement for the sale of the property. Therefore, the trial court's decision finding wife in contempt is supported by the evidence. Accordingly, we find no abuse of discretion in the trial court's decision.

Wife also requests that we find husband and his attorney in contempt, and she asks for an award of costs for her time and costs involved in this matter "trial court through appeal." In wife's "Opposition to Motion To Compel, Motion for Findings of Contempt and Sanctions," wife requested that the trial court impose sanctions on husband and his attorney, including compensation to her for her time and effort in defending the matter. On this record and where husband merely sought wife's compliance with the terms of the final divorce decree, we cannot say the trial court abused its discretion by denying wife's motions.

Both parties request costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that husband is entitled to a reasonable amount of attorney's fees and costs. Accordingly, we remand the matter to the trial court for it to determine the proper amount of the award.

Dismissed, in part,
affirmed, in part,
and remanded.