COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


ALEXANDER FIGUEROA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2221-04-4                      JUDGE JAMES W. BENTON, JR.
                                                        AUGUST 2, 2005
KIMBERLY S. NELSON, F/K/A
 KIMBERLY FIGUEROA


                 FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                             Jane Marum Roush, Judge

            Ted Kavrukov (Law Offices of Ted Kavrukov, on briefs), for
            appellant.

            Benton S. Duffett, III (Grenadier, Anderson, Simpson, Starace &
            Duffett, P.C., on brief), for appellee.


        The trial judge denied Alexander Figueroa's motions for changes in child custody and

visitation, found Figueroa in "willful contempt" of several orders, and granted, in part, Kimberly

Nelson's motions to modify child support and visitation. Figueroa appeals and presents six issues

for review. We affirm the trial judge's order on all issues.

                                          I.

        Kimberly Nelson and Alexander Figueroa were divorced by a final decree in 2003. During

the divorce proceedings, the trial judge entered a consent order on March 10, 2003 that contained

extensive agreements between the parties covering custody and visitation for their two children.

The order contained the following provisions:

            1. That [Nelson] is hereby granted sole legal custody of the minor
            children . . . .

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2.  That [Nelson] is hereby granted sole physical custody of the minor children . . . .

*   *   *   *   *   *   *

9.  [Figueroa] shall forthwith participate in an anger management program to learn to effectively direct his emotions.

10.  [Figueroa] shall forthwith participate in ongoing individual counseling or psychotherapy . . . .

*   *   *   *   *   *   *

24.  . . . [Figueroa] agrees that during his Wednesday mid-week visitation with [the son], he agrees that he shall actively support [the son's] participation in gymnastics, and shall transport [the son] to and from gymnastic class.

The trial judge entered a support order on March 28, 2003, which contained several provisions concerning specific payments.  For example, it contained the following provisions relating to medical expenses for the children:

3.A.(1).  In addition to the support amount set forth above, [Figueroa] shall pay or reimburse to [Nelson], 57.4% of the extraordinary medical expenses (pursuant to subsection D and G3 of [Code] § 20-108.2) of the children within 10 days of [Nelson] presenting documentation of the same.  The Court finds that [the daughter's] premature delivery is extraordinary in nature, and as a result, [Figueroa] shall pay or reimburse to [Nelson] 57.4% of all of [the daughter's] medical expenses associated with her premature delivery and related complications/treatment.

The final decree of divorce incorporated by reference the parties' property settlement agreement.  Three paragraphs of the agreement address the issue of attorney's fees.

In May 2004, Figueroa filed a motion to change primary physical custody of the children, or alternatively for joint legal custody, and to increase his visitation.  Nelson filed a petition to show cause for contempt and a motion to modify visitation and child support.  Nelson's contempt petition alleged that Figueroa had not paid for medical expenses, had not supported their son's gymnastic classes, failed to participate in an anger management program, and had put

- 2 -

the daughter's health at risk when he sought medical treatment for her in violation of his role as a non-custodial parent.

Following evidentiary hearings, the trial judge denied Figueroa's motion in its entirety. She made extensive findings and found Figueroa in willful contempt of the March 10, 2003 consent order. Pertinent to this appeal, she ordered Figueroa to reimburse Nelson $200 for the son's gymnastic classes, to comply with the order requiring Figueroa to actively support the son's participation in gymnastics, and to reimburse Nelson for his share of the children's extraordinary medical expenses. The trial judge awarded Nelson attorney's fees in the amount of $15,000. The trial judge also modified Figueroa's visitation rights, finding that his mid-week visitation with his daughter was not in the child's best interest.

## II.

Figueroa contends the award of attorney's fees violated paragraph 39 of the property settlement agreement. This paragraph provides that "[t]he parties hereby mutually release one another from any further obligation to pay any other or further counsel fees on behalf of one another in connection with any matter or thing whatsoever . . . ."[1]

---

[1] The parts of the agreement that address attorney's fees read as follows:

> 6. The parties agree that, in the event of a default in this agreement, the defaulting party shall be responsible for all reasonable fees and costs (attorney's fees, court costs, and the like) incurred by the party seeking enforcement of this Agreement.

> 19. Each of the parties shall hold the other harmless from any and all liability of every kind on his or her specific obligations under this agreement and shall indemnify the other for any expense, including counsel fees, he or she may necessarily incur in connection with compliance or default therewith.

> 39. [Figueroa] and [Nelson] agree to pay for their respective counsel fees and costs for all legal services rendered or to be rendered to them in connection with their separation and divorce. The parties hereby mutually release one another from any further

In awarding Nelson attorney's fees, the trial judge ruled "that the language of the parties' property settlement agreement that each party will be responsible for his or her attorney's fees does not prevent the court from awarding fees and costs for subsequent child custody litigation in which the father was held in contempt of prior court orders." This ruling is supported by well established case decisions.

> [C]ourts have the power to award counsel fees incurred in divorce cases where contempt proceedings have to be initiated and conducted to enforce an order of the court. This is particularly true where the custody of a child, or child support, is involved because of the court's continuing concern for the welfare of children, and because a parent's common law duty to support his or her children is not affected by the entry of a final decree in a divorce case terminating the parent's marital relationship.
>
> An aggrieved party to a divorce suit has the right to petition for relief, and the court has the authority to hold the offending party in contempt for acting in bad faith or for willful disobedience of its order. Consistent with our prior decisions, we hold that in such cases a court has the discretionary power to award counsel fees incurred by an aggrieved party incident to contempt proceedings instituted and conducted to obtain enforcement of an order of the court.

Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). See also Edwards v. Lowry, 232 Va. 110, 114, 348 S.E.2d 259, 262 (1986); Arvin, Inc. v. Sony Corp., 215 Va. 704, 705-07, 213 S.E.2d 753, 755 (1975); Sullivan v. Sullivan, 33 Va. App. 743, 752-53, 536 S.E.2d 925, 930 (2000).

No contractual agreement between the parties constrained the trial judge from enforcing the March 10, 2003 order. This proceeding involved the court's contempt power, which was invoked because of Figueroa's "willful disobedience" of the court's order. Carswell, 224 Va. at

---

obligation to pay any other or further counsel fees on behalf of one another in connection with any matter or thing whatsoever, except as provided for in this Agreement.

332, 295 S.E.2d at 901. Upon a finding of contempt, the trial judge's power to enforce the court's order included the authority to award attorney's fees. Id.

In such cases, an award of attorney's fees is a matter submitted to the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion. Sullivan, 33 Va. App. at 753, 536 S.E.2d at 930; Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all of the circumstances revealed by the record. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The record does not establish that the trial judge abused her discretion in making the award. The trial judge found that Figueroa had not paid for the daughter's medical expenses, he had not supported his son's participation in gymnastics, and he sought medical treatment for the daughter in willful violation of Nelson's custodial status. The trial judge ruled that Figueroa "willful[ly]" disobeyed these provisions of the March 10, 2003 consent order. The award of attorney's fees was proper and reasonable under the circumstances as a means of enforcement of the contempt findings.

### III.

Figueroa contends that the trial judge violated "his [and his] children's federally protected rights" by interfering with his right to parent his child. He cites numerous federal decisions, including Roberts v. United States Jaycees, 468 U.S. 609, 617-20 (1984), and Santosky v. Kramer, 455 U.S. 745, 753 (1982), and he also cites our decision in Eichelberger v. Eichelberger, 2 Va. App. 409, 345 S.E.2d 10 (1986). Specifically, he argues that neither the judge nor the custodial parent may restrict activities during his visitation "in the absence of a finding that the activity presented a danger to the child or otherwise affected the child's welfare." Id. at 410-11, 345 S.E.2d at 11.

Figueroa did not point to any place in the record where he properly preserved for appeal the issue of a violation of his federally protected rights. Contrary to our Rules, he failed to provide "a clear and exact reference to the page(s) of the transcript, . . . record, or appendix where [the] question was preserved in the trial court." Rule 5A:20(c). This issue was not one of the objections that he noted to the order from which this appeal arises. Thus, we have no indication he raised the issue of "federally protected rights" at trial, and we are barred from considering the issue by Rule 5A:18.

To the extent Figueroa generally contends the trial judge erred by placing limitations on his visitation, we conclude the arguments lack merit. Figueroa argues the trial judge "did not follow Eichelberger" when the trial judge made his visitation "subject to Nelson's whim," held him in contempt for not taking his son to gymnastics class, and held him in contempt for taking the daughter to the hospital "on his visitation time."

When a party contends on appeal that the trial judge "erred in [determining] . . . custody and . . . visitation . . . [issues], we consider the evidence in the light most favorable to the party prevailing below, and will reverse only if the decree is plainly wrong or is without evidence to support it." Wilson v. Wilson, 12 Va. App. 1251, 1254, 408 S.E.2d 576, 578 (1991). Viewed in this light, the evidence proved Figueroa failed to take his son to gymnastics class in violation of a consent order. Although Figueroa claims that the trial judge erred by requiring this activity, we note that Figueroa agreed in the consent order to "actively support [the son's] participation in gymnastics." The trial judge did not limit Figueroa's activity; the judge merely required him to comply with the consent order.

Figueroa argues that the trial judge violated Eichelberger by holding him in contempt for taking the daughter to the hospital. There is no indication in the record that the trial judge attempted to limit Figueroa's legitimate activities with his daughter. The child's primary

physician testified that the child has cerebral palsy and perinatal asphyxia. Nelson has sole custody and is responsible for the child's medical care. In contravention of his non-custodial status, Figueroa took the child to the hospital to receive medical treatment from a physician for a matter which is not apparent in the record. This physician had no background or information on the daughter's complicated medical history and prescribed a medicine that the primary physician would not have. Figueroa knew this and again attempted to schedule another appointment without notifying Nelson or the child's primary physician. The record supports the trial judge's decision to sanction Figueroa for these transgressions and to "enjoin [Figueroa] from taking [the children] to any non-emergency medical appointments."

Figueroa also argues that the trial judge made his visitation subject to Nelson's whim. He does not substantiate this claim with any facts, authority, or citations to the record. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

IV.

Figueroa contends "there were no extraordinary medical expenses" for his daughter and, even if any existed, Code § 20-108(D) should have controlled the judge's decision.

The parties' daughter suffers from cerebral palsy and numerous complications. At the hearing, Nelson testified that she had given Figueroa medical bills for ongoing extraordinary medical care incurred on behalf of the children and that Figueroa had failed to make payment as was required by the March 28, 2003 order. Trial exhibits documented the nature and amount of those expenses.

When the March 28, 2003 order was entered, Code § 20-108.2 defined extraordinary medical and dental expenses as "uninsured expenses in excess of $100 for a single illness or condition and shall include but not be limited to eyeglasses, prescription medication, prostheses, and mental health services whether provided by a social worker, psychologist, psychiatrist, or counselor." Applying the terms of the March 28, 2003 order, the trial judge required Figueroa to pay $1,069.54 for the medical expenses. The trial judge also found that "henceforward this is probably taken care of by the amendment to the code . . . the custodial parent is responsible for the first $250, and everything after that is an extraordinary medical expense."

The record supports these findings. Therefore, the trial judge did not err.

V.

Figueroa contends that the trial judge should not have held him in contempt "for exercising his right to visitation without the interference of Nelson."

While it is true that the trial judge found that Figueroa's failure to place his daughter in the prescribed position in the car seat was "an example of his tin ear when it comes to assessing [the daughter's] physical needs," the record does not indicate the trial judge found him in contempt for that conduct. It was just an example, among many, that demonstrated his conduct and was relevant to the custody issue then also pending before the trial judge.

Nelson's petition alleged that Figueroa violated five provisions of the court's prior orders. The trial judge made specific findings on the record at the August 6, 2004 hearing regarding Figueroa's conduct that formed the basis of the contempt finding. Those findings were made in response to the specific acts alleged in the contempt petition as being violative of the court's orders and were based on the evidence adduced at the evidentiary hearing.

Figueroa argues that the evidence fails to prove willfulness in violating these orders and, thus, asserts that the trial judge erred by finding him in contempt. "A trial court has the authority

- 8 -

to hold an offending party in contempt for acting in bad faith or for *willful* disobedience of its order." Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (emphasis added).

The evidence proved Figueroa failed to pay his share of the medical expenses, sought medical treatment for the daughter in violation of Nelson's role as the custodian, and failed to support the son's gymnastic program. Figueroa's contention that the record failed to prove willfulness is frivolous in light of his statements and conduct. For example, in an email, Figueroa wrote to Nelson: "If you put him in gymnastics on Wednesdays, he will NOT attend." The record proved Figueroa repeatedly failed to perform this task over a two-month period. The record fails to establish that the trial judge erred.

## VI.

Figueroa contends that the trial judge violated his right to due process when she failed to enforce his subpoena to compel the chief of police to testify.

The trial judge did not prohibit Figueroa from offering evidence about the crime rates in the mother's neighborhood, she simply refused to enforce the subpoena for the chief of police to testify. Although Figueroa contends he argued that the refusal violated his right to due process, he has not specified the place in the record where he argued this due process issue in the trial court or where he offered a proffer of the chief of police's expected testimony regarding crime rates in the mother's neighborhood. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

The brief fails to demonstrate reversible error. Moreover, the record in this case does not support a claim that the trial was unfair in any respect.

VII.

Figueroa contends that the trial judge's order included "non-litigated" items. He argues that "opposing counsel . . . 'took the liberty' of adding 'substance' to [the judge's] rulings."

This claim lacks merit. The record showed that Nelson's attorney drafted the order. Figueroa's attorney objected to certain language in paragraphs 8, 10, and 18. Prior to entering the order, the trial judge entertained Figueroa's line-by-line objections to the language and overruled most of his objections. The judge amended other portions of the order per Figueroa's request. The judge also offered to consider a draft of an order with language Figueroa deemed appropriate and promised to rule on the requested changes. Figueroa apparently never took the opportunity the judge offered.

VIII.

We grant Nelson's motion for a reasonable attorney's fee for this appeal. For the reasons we have given, we affirm the trial judge's rulings on all issues and remand to the trial judge to fix a reasonable attorney's fee for this appeal.

<u>Affirmed and remanded.</u>