COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


RENEE ROCHELLE HAMILTON
                                                    MEMORANDUM OPINION[*]
v.        Record No. 1088-08-4                          PER CURIAM
                                                    OCTOBER 7, 2008
PETER JOSEPH HAMILTON


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Marcus D. Williams, Judge

            (Pamela L. Cave, on brief), for appellant.

            No brief for appellee.


        Renee Rochelle Hamilton (mother) appeals the trial court's child support order.  She argues

that the trial court erred by (1) imputing income to mother; (2) failing to consider mother's

discovery motions; (3) failing to consider mother's request for attorney fees; (4) failing to find

father in contempt; (5) failing to order father to pay attorney fees because he was not in compliance

with the existing order; (6) awarding affirmative relief to father who was not in compliance with the

existing court order; (7) failing to consider mother's pre-trial motions; and (8) failing to apply the

provisions in the parties' property settlement agreement regarding an award of attorney fees.  Upon

reviewing the record and opening brief, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

                                    BACKGROUND

        Mother and Peter Joseph Hamilton (father) were divorced on November 6, 2000.  A

property settlement agreement was incorporated into the final decree.  The parties agreed that father

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

would pay $1,018 per month for the support of their two children. After the parties' oldest daughter graduated from high school in June 2007, father cut the child support in half and paid mother $509 per month. In September 2007, mother filed a rule to show cause against father. On October 12, 2007, the court held that father was not in contempt. Father filed a motion to modify child support, but continued to pay one-half of the child support amount. Mother filed another rule to show cause, since father still was not paying the court-ordered child support amount.

Mother filed several pre-trial and discovery motions, which were scheduled for the day of trial. Mother chose not to argue her discovery motions, and the court denied her request for attorney fees pursuant to the motions. The court imputed income to mother and modified the child support. The court computed the arrears owed to mother and denied both parties' requests for attorney fees pursuant to the property settlement agreement. Mother timely noted her appeal.

## ANALYSIS

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

### Imputing income to mother

Mother argues that the trial court erred in imputing income to her when it modified the child support.

Mother retired from a twenty-year career with the United States Navy, where she earned approximately $35,000 per year. She now receives $1,447 per month in military retirement pay. After her retirement, mother had a full-time job with a two-month contract, where she earned $24.55 per hour. Although mother had the option to stay at the job after the two-month contract

expired, she decided not to pursue that job and left. Mother currently works as a part-time social worker, earning $14.71 per hour.[1]

The trial court imputed income to mother in the amount of $24.55 per hour for forty hours per week because she had the opportunity to continue in this position, but chose not to do so. Her choice resulted in her earning significantly less.

> In setting or modifying . . . child support, a court may impute income to a party voluntarily unemployed or underemployed. See Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (en banc). Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children." Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998).

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999).

A court may impute income based on "evidence of recent past earnings." Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993). Here, father presented evidence of mother's previous employment at the higher wage.

"In setting an award of child support, the 'primary issue before a trial judge is the welfare and best interests of the child, not the convenience or personal preference of a parent.'" Id. (quoting Hur v. Dep't of Soc. Servs., 13 Va. App. 54, 60, 409 S.E.2d 454, 458 (1991)). Mother had the opportunity to work beyond the two-month contract and earn the higher wage. However, she decided that she did not want that position because she wanted to work with at-risk youth. She chose a job earning significantly less, which was her choice. The court found that she was underemployed and imputed income to her.

---

[1] During trial, mother agreed to impute income to her at forty hours per week with her current position.

The court did not abuse its discretion when it imputed income to mother at the higher salary.

## Mother's pre-trial motions

Mother argues that the court erred in not considering her pre-trial motions, including her discovery motions and request for attorney fees pursuant to Rule 4:12. [2]

On December 14, 2007, mother filed a motion to request that father be held in contempt for not complying with the final decree. On December 28, 2007, mother filed a motion *in limine* objecting to father's discovery responses and requesting sanctions. On January 2, 2008, mother filed a motion to establish arrearages and request attorney fees. On January 2, 2008, mother filed a motion for sanctions. All of the pre-trial motions were scheduled for the day of the hearing, January 8, 2008.

At the beginning of the trial, mother did not argue her discovery motions. She conceded later in the afternoon that "I didn't pursue it [motion *in limine*] this morning because I assumed in good faith that that's what she [father's trial attorney] gave me [the discovery responses] last night." The court indicated that any discovery issues should have been resolved prior to the day of the trial.

"'The granting or denying of [discovery] is a matter within the trial court's discretion and will be reversed only if the action taken was [an abuse of discretion].'" Travis v. Finley, 36 Va. App. 189, 204, 548 S.E.2d 906, 913 (2001) (quoting Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970)). Since the discovery motions were not pursued at the beginning of the trial, the trial court did not abuse its discretion in refusing to consider the discovery motions at the end of the trial.

---

[2] Mother's questions presented 2, 3, and 7 relate to her pre-trial motions, which will be discussed collectively.

In her motion *in limine*, mother also requested sanctions pursuant to Rule 4:12 to prevent father from introducing evidence that was requested in discovery, but not produced. She also requested attorney fees.

"'Rule 4:12 gives the trial court broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery.'" Estate of Hackler v. Hackler, 44 Va. App. 51, 63, 602 S.E.2d 426, 432 (2004) (quoting Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990)).

Since mother did not pursue her motion *in limine* prior to the trial, the court did not rule on sanctions against father, nor did it consider attorney fees pursuant to the pre-trial motions. However, the court refused to examine an e-mail produced by father when mother objected and stated that it was not produced in discovery. The court did not abuse its discretion by not considering sanctions pursuant to Rule 4:12 or attorney fees regarding the pre-trial motions.

### Contempt proceedings

Mother argues that the court erred by failing to find father in contempt and awarding him affirmative relief when he was not in compliance with the existing court order.

The parties' final decree incorporated their property settlement agreement. The final decree included a unitary child support award for both of the parties' children. In anticipation of the oldest child becoming emancipated in June 2007, father attempted to calculate a new child support amount. In July 2007, father reduced the child support payments by half. Mother filed a show cause, and on October 12, 2007, the trial court entered an order dismissing the show cause. At the October hearing, the judge told father to pay the child support pursuant to the existing order until it is modified.[3] On October 5, 2007, father filed a motion to modify child support, but continued to

---

[3] There is no transcript of the October hearing; however, the parties agreed at the January hearing that the prior judge told father to pay the child support amount pursuant to the existing order until it was modified.

pay the lower amount of child support. In December 2007, mother filed a second rule to show cause.

"A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'" Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (quoting Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982)).

Here, the court held that father was not in contempt of court because there was not "sufficient evidence of a willfulness to find him in contempt." Evidence supports the trial court's finding; therefore, there was no error.

Mother also argues that she should have been awarded her attorney fees because father was not in compliance with the existing order. The trial court found that father was not in contempt and did not award attorney fees to mother. "Even if the . . . [mother] had been successful in her prosecution of the contempt proceeding, the trial court's power to award attorney's fees is discretionary." Id. The trial court did not abuse its discretion by not awarding mother her attorney fees.

Mother also contends that the court erred because it awarded affirmative relief to father when he was not complying with the existing court order. Prior to mother's filing of the second rule to show cause, father filed a motion to modify child support because the parties' oldest child was emancipated and the parties' incomes changed. The court modified the child support based on these factors. The court did not err in considering father's motion to modify child support.

### Attorney fees pursuant to the property settlement agreement

Mother argues that the court erred by not awarding her attorney fees pursuant to the parties' property settlement agreement. Paragraph 17 of the parties' property settlement agreement states:

The parties agree that for the present and in the future they each shall pay and be responsible for their own respective attorney's fees and Court costs. In the event litigation is subsequently brought charging breach or nonperformance of this Agreement, the party *substantially prevailing* in said suit shall be entitled to receive his or her attorney's fees, Court costs and all other reasonable expenses of the litigation from the non-prevailing party.

(Emphasis added.)

The trial court held that there was no "substantially prevailing" party in this matter. The court stated that each party "won" on some of the issues. Mother prevailed on the issues that the child support provisions in the agreement were not self-executing and that father owed her arrearages. Father prevailed on the issues that he was not held in contempt and that the child support was modified. Since there was no "substantially prevailing" party, the trial court did not err when it declined to award attorney fees to either party pursuant to paragraph 17 of the property settlement agreement.

### CONCLUSION

The trial court's rulings on the child support award, contempt proceedings, and attorney fees award are summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>