**Salem**

STAN A. EICHELBERGER

v.

LYNDA J. EICHELBERGER

No. 0989-85

Decided June 17, 1986

COUNSEL

John H. Kennett, Jr., for appellant.

Jeffrey H. Krasnow, for appellee.

OPINION

COLEMAN, J.—The narrow question in this appeal is whether the trial court erred in holding that a custodial parent had the right to restrict a recreational activity in which the child could engage while visiting with the noncustodial parent who had been

awarded liberal visitation privileges. We hold that, in the absence of a finding that the activity presented a danger to the child or otherwise affected the child's welfare, the trial court applied an incorrect standard when it ruled that the custodial parent had the right to restrict visitation activities between the noncustodial parent and child. We reverse the holding and remand for further proceedings.

The parties were divorced in 1982. Mrs. Eichelberger was granted custody of their three children. Mr. Eichelberger, the appellant, was granted liberal visitation privileges. Mr. Eichelberger is a forty-three year old veterinarian practicing in the Roanoke area. No evidence was presented that he was irresponsible either as a parent or in the exercise of his visitation privileges, or that he exhibited a lack of parental concern for his children's welfare or safety. The children visit him on his fifteen acre farm overnight every other weekend and in the afternoons on Tuesday and Friday of each week. The youngest of the three children, David, celebrated his eighth birthday on April 5, 1985, at which time Mr. Eichelberger gave him a mini trail bike. Evidence heard by the trial court showed that this bike was designed for use by children five to twelve years of age. The maximum speed of the mini bike is twenty-five miles per hour. The bike is kept at the farm where David rides it in the fields and pastures under the personal supervision of his father. Mrs. Eichelberger acknowledges that appellant tries to teach David the safest method to operate the bike, but nevertheless, she objects to his riding it. She contends that he is a small child, is somewhat aggressive and often uses poor judgment. She asserts that under these circumstances the bike poses a serious threat to David's health and safety.

Mrs. Eichelberger initiated proceedings in the trial court seeking to require Mr. Eichelberger to dispose of the mini bike. The court ruled that Mrs. Eichelberger, as the custodial parent, had the right to make the decision whether the child should be permitted to ride a mini bike. The court directed that "the motorcycle be returned and he not be permitted to ride it." The court did not make a finding that David's riding the bike presented a serious danger to his health or safety.

Mr. Eichelberger urges that the custodial parent may not interfere with and restrict the visitation activities of the children while with the non-custodial parent, so long as the activities do not ad-

versely affect the children's health, safety, morals, education, religious teaching or the fundamental training from the custodial parent. Mrs. Eichelberger argues that the custodial parent, who has been granted the primary responsibility of parental care, can make decisions regarding what activities will serve the best interests of the children, and that she has the right to control those activities which may implicate the children's safety.

█ The authority vested in a trial court to decide issues concerning the care, custody, support and maintenance of the minor children, the visitation rights of the non-custodial parent, and the extent to which those rights and responsibilities shall be apportioned between estranged parents is a matter of judicial discretion which courts must exercise with the welfare of the children as the paramount consideration. *See Allen v. Allen*, 188 Va. 717, 721, 51 S.E.2d 207, 209 (1949); Code § 20-107.2. In the great majority of reported cases in which courts have been called upon to resolve conflicts between custodial and non-custodial parents, the disputes have involved areas of fundamental rights, such as education and religion. The decisions in those cases reflect a reluctance to intervene absent a showing of harm to the child's welfare. *See* Annot., 22 A.L.R.4th 971, § 13 (1983); Annot., 36 A.L.R.3d 1093, § 3 (1971); Annot., 66 A.L.R.2d 1410, § 5 (1959). Counsel have cited no authority, and we find none from this or other jurisdictions, which controls or provides guidance for the resolution of the issue in this case: namely, the extent to which the custodial parent can control the play activities of the children while they are visiting with the non-custodial parent.

█ Once a court has ruled on matters relating to the custody and care of minor children, and visitation rights of the non-custodial parent, the court retains jurisdiction throughout the minority status of the child involved. *Andrews v. Geyer*, 200 Va. 107, 111, 104 S.E.2d 747, 751 (1958). The court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the child's welfare. *See Allen v. Allen*, 188 Va. at 721-22, 51 S.E.2d at 209-10; Code § 20-107.2. When conditions are placed on visitation between a non-custodial parent and his child, it should be with the awareness that, except under unusual circumstances, maintaining close ties with the non-custodial parent is in a child's best interest. Bartlett, *Parenthood As An Exclusive Sta-*

*tus: The Need For Legal Alternatives When The Premise Of The Nuclear Family Has Failed,* 70 Va. L. Rev. 879, 909 (1984) (citing J. Wallerstein & J. Kelly, *Surviving the Breakup* 248 (1980)).

The relationship between a child and non-custodial parent should not be subject to the dictates of the custodial parent unless circumstances justify placing restrictions or conditions on the visitation privileges. Each case may require a court to exercise considerable judgment in placing conditions upon the frequency, duration, place, and extent of visitation, depending upon such factors as the age, relationship, emotional and physical condition of the child or parent; the parents' maturity and ability to responsibly care for a child; the location, availability and desires of the child and parents—to list but a few. A change in circumstances may necessitate either a complete change in custody, modification of joint or split custody arrangements, or the imposition or removal of conditions on either the rights or responsibilities of a non-custodial parent. But, when visitation privileges have been liberally granted without restriction, absent a finding by the court that the non-custodial parent has acted without concern for the child's well-being or best interest, has demonstrated irresponsible conduct, has interfered with basic decisions in areas which are the responsibility of the custodial parent, or finding that the activity which is questioned by the custodial parent presents a danger to the child's safety or well-being, neither the custodial parent nor the court may intervene to restrict activities during visitation.

In this instance, we reverse because the trial court erroneously concluded that the custodial parent had the right to decide whether the child could engage in the activity. Since the ruling of the trial court was based upon an incorrect legal principle which required no finding or consideration whether the particular activity adversely affected the child's welfare or presented a danger beyond that which can reasonably be expected during the natural routine of life, we remand for such further proceedings as may be necessary.

*Reversed and remanded.*

Koontz, C.J., and Keenan, J., concurred.