COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DARLENE SEKEREZ
                                        MEMORANDUM OPINION*
v.   Record No. 0372-98-4                   PER CURIAM
                                         DECEMBER 22, 1998
HERBERT F. BRAVO


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                  William G. Plummer, Judge Designate

            (Michael A. Ward; Gannon, Cottrell & Ward, on
            briefs), for appellant.

            (Daniel G. Dannenbaum; The Lewis Law Firm, on
            brief), for appellee.


     Darlene Sekerez (mother) appeals the decision of the circuit

court finding that the Virginia courts had jurisdiction to

determine the custody of the parties' child.  Herbert F. Bravo

(father) filed an action in Virginia seeking custody shortly

after mother left Virginia with the infant.  Mother subsequently

commenced an action in Indiana.  Mother contends that the trial

court erred by (1) finding that Virginia was the only state with

jurisdiction to determine custody; (2) failing to make a

determination sua sponte that Virginia was an inconvenient forum;

and (3) ruling that visitation should be calculated based upon

father's twenty-eight-day work rotation.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

the trial court.  See Rule 5A:27.

Jurisdiction in Virginia

Mother contends that no evidence supported the trial court's determination that Virginia was the only state where a custody proceeding was pending and, therefore, was the only state with jurisdiction to rule on custody.  Evidence in the record, including affidavits of the parties, supported the trial court's determination that Virginia had jurisdiction to rule on custody of the infant child.  See Code § 20-126(A)(1)(ii).  The parties resided in Virginia at the time the child was born.  The child's connections with Indiana arose only through mother's unilateral decision to return to her family home, taking the child with her from Virginia.  Virginia was the child's home state at the time mother removed him from Virginia and father filed his custody proceeding.  See Code § 20-125 (defining "home state" as "in the case of a child less than six months old the state in which the child lived from birth with [his parents, a parent, a person acting as parent]").

While "[s]ubject matter jurisdiction . . . cannot be waived or conferred on the court by agreement of the parties," Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990), and may be raised at any time during the proceedings, it is clear that the trial court had subject matter jurisdiction and that mother conceded as much.  In the proceeding before the circuit court, mother's attorney stated:

> Judge, I am here to tell you that after

> discussing the matter with my client, we are
> prepared not to challenge the jurisdiction
> and to have the matter resolved here.

Therefore, we find mother's first contention to be without merit.

## Inconvenient Forum

Mother also assigns as error the trial court's failure, <u>sua</u> <u>sponte</u>, to decline to rule on the grounds that Virginia was an inconvenient forum to determine custody.  <u>See</u> Code § 20-130.  We disagree.  The child was born in Virginia.  Father remained a resident of Virginia.  The parties' action for divorce was proceeding in Virginia.  Representations by mother in her pleadings indicated that she was seeking to dismiss the Indiana custody proceedings.  Mother expressed her desire to "have the matter resolved here."  We find no error in the trial court's failure to decline <u>sua</u> <u>sponte</u> to exercise its jurisdiction as an inconvenient forum.

## Determination of Visitation Period

Finally, mother contends that the trial court erred when it ruled that a "month" for purposes of the parties' visitation schedule would mean father's twenty-eight-day rotation period.

> The authority vested in a trial court to
> decide issues concerning the care, custody,
> support and maintenance of the minor
> children, the visitation rights of the
> non-custodial parent, and the extent to which
> those rights and responsibilities shall be
> apportioned between estranged parents is a
> matter of judicial discretion which courts
> must exercise with the welfare of the
> children as the paramount consideration.

<u>Eichelberger v. Eichelberger</u>, 2 Va. App. 409, 412, 345 S.E.2d 10,

11 (1986).  The trial court indicated that it considered the statutory factors set out in Code § 20-124.3 when making its decision.  The evidence showed that father regularly worked three consecutive weekends, with the fourth weekend off.  Nothing in the evidence which mother cites as supporting her assignment of error refutes the trial court's determination.  We find no error.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.