COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


WALTER DANIEL BANIT
                                    MEMORANDUM OPINION*
v.    Record No. 3237-01-4              PER CURIAM
                                      APRIL 30, 2002
JANELL CHRISTINE BANIT


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   M. Langhorne Keith, Judge

            (William M. Baskin, Jr.; Baskin, Jackson,
            Hansbarger & Duffett, P.C., on briefs), for
            appellant.

            (Ann W. Mische; Paula W. Rank; Byrd Mische,
            P.C., on brief), for appellee.


     Walter D. Banit (father) appeals the decision of the circuit

court granting Janell C. Banit's (mother) petition to change

custody of their minor son, Austin Banit (son), and allowing her

to relocate with son to California.  On appeal, father contends

the trial court erred by (1) finding the change in custody and

relocation were in the best interests of the child, (2) finding

the relationship between father and son would not be substantially

impaired as a result of the relocation, and (3) excluding evidence

regarding the propensity of each parent to actively support son's

contact with the other parent.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  <u>See</u> <u>McGuire v. McGuire</u>, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Procedural Background

Father and mother were divorced by final decree on December 17, 1999.  The final decree incorporated the terms of a consent final custody decree granting shared legal and physical custody of son to the parties.  On September 13, 2001, mother filed a motion for a change of custody and permission to relocate to California.  After hearing evidence from both parties, the circuit court granted mother's motion, entering its decree on November 9, 2001.

Pursuant to the custody decree, son was alternating weeks living with mother and father.  At the time of the custody hearing, son had been diagnosed by his school psychologist as depressed and learning disabled.  Dr. Mary Lindahl, son's therapist of two years, diagnosed him with "over anxious disorder of childhood."  Lindahl testified son has trouble with transitions and benefits from a structured environment.

Analysis

I.

"In cases involving the modification of a custody decree . . . the court must evaluate whether a change in custody would

-

be in the best interests of the child." Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996). Whether to modify a child custody order is committed to the sound discretion of the trial court. Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986).

In determining what custodial arrangement serves the best interests of a child, the court shall consider the factors enumerated in Code § 20-124.3. The trial court determined son's mental condition was a relevant factor in determining what would be in his best interests. See Code § 20-124.3(1). The trial court believed the expert testimony of Dr. Lindahl. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to [a witness'] testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc). These principles apply to the testimony of both lay and expert witnesses. Id. at 387-89, 488 S.E.2d at 668-69. School psychologist Virginia Rutledge also testified son was emotionally disturbed. The trial court noted some of son's anxiety resulted from the week on, week off schedule imposed by the custody decree and that son needed less transition. The court also concluded mother has a better ability to accurately assess and meet son's emotional, intellectual, and physical needs, noting that father did not appreciate the effect the week-to-week visitation has on son.

-

See Code § 20-124.3(3). The court determined father is less willing to cooperate in and to resolve disputes regarding matters affecting son. See Code § 20-124.3(7). After considering all the factors set forth in Code § 20-124.3, the trial court found it would be in son's best interest for mother to have custody. The trial court's finding that the joint custody plan was a failure and that mother should have custody of son was supported by credible evidence. Therefore, we hold that the trial court did not abuse its discretion in awarding mother custody.

## II.

The court next addressed whether relocating son to California would be in his best interests.

> "A court may forbid a custodial parent from removing a child from the state without the court's permission, or it may permit the child to be removed from the state." It is well settled that the child's best interest is the criterion against which such a decision must be measured. Such a decision is a matter of discretion to be exercised by the court, and, unless plainly wrong or without evidence to support it, the court's decree must be affirmed.

Bostick, 23 Va. App. at 533, 478 S.E.2d at 322 (quoting Scinaldi v. Scinaldi, 2 Va. App. 571, 573, 347 S.E.2d 149, 150 (1986)).

In considering whether relocation will be in a child's best interest, the court must consider whether "the benefits of the [parent-child] relationship can[ ] be substantially maintained if the child is moved away from the non-custodial parent" and,

-

if not, the relocation may not be in the child's best interest. Scinaldi, 2 Va. App. at 575, 347 S.E.2d at 151. Noting the evidence overwhelmingly established that father and son were strongly bonded, the trial court determined the relocation would not change that strong bond. The trial court emphasized that son would be spending summers and vacations with father, making up for the lack of day-to-day contact during the rest of the year. Lindahl testified son had a strong relationship with father and that son and his relations with father would not be harmed by the move. The evidence supports the trial court's determination.

## III.

> Hearsay evidence is testimony given by a witness who relates, not what he knows personally, but what others have told him or what he has heard said by others. When offered for the truth of the matters asserted, unless the statement falls within one of the many exceptions, such evidence is not admissible.

Strohecker v. Commonwealth, 23 Va. App. 242, 253, 475 S.E.2d 844, 850 (1996) (citations omitted).

Father sought to introduce a statement from son regarding a statement mother had made to son. Father proffered that he would have testified that son told him mother had told son that father wanted her to have an abortion when she was pregnant with son. Father argues son's statement was not offered for the truth of the matter asserted and therefore was not inadmissible. However, "[s]uch testimony was double hearsay and thus doubly

-

suspect." Service Steel v. Local, 219 Va. 227, 236, 247 S.E.2d 370, 376 (1978). Father wanted to testify to what son had declared were statements made to him by mother. Therefore, the truth of the matter asserted was that mother made the purported statements. Father admits he sought to introduce the statement for the purpose of proving mother made the statement to son. Such statement, "offered as equivalent to testimony of a witness without the safeguard of available cross-examination, [was] properly rejected." Id.; see McCormick on Evidence § 324.1, at 351-53 (5th ed. 1999).

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-