COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


BASIM MICHEL SAWWAN

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0469-05-4                         PER CURIAM
                                                    SEPTEMBER 13, 2005
ANGELINE HOOI TEEN HUANG


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Jane Marum Roush, Judge

            (Phillip B. Leiser; Leiser & Associates, PLLC, on briefs), for
            appellant.

            (MaryEllen Craig; Julia T. Boone; Craig & Hirsch, P.C., on brief),
            for appellee.


        Basim Michel Sawwan, father, appeals a decision of the trial court modifying his visitation

rights with his daughter.  On appeal, appellant contends the trial court abused its discretion by:

(1) effectively terminating his parental rights to his daughter; (2) finding him in contempt of court

for violating the terms of prior court orders; and (3) awarding attorney's fees to Angeline Hooi Teen

Huang, mother.  Mother requests attorney's fees incurred by her in defense of this appeal.  Upon

reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

                                    Background

        On appeal, "we view the evidence and all reasonable inferences in the light most

favorable to the prevailing party below . . . ."  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421

S.E.2d 857, 859 (1992).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties had one daughter during the marriage, and their final divorce decree was entered on December 26, 2001. Father acknowledges that he had bad feelings toward mother which he expressed to daughter and, as daughter reached her pre-teenage years, she began to withdraw from father. On September 12, 2003, the parties entered into an agreed order concerning father's visitation rights with daughter. In that order the parties agreed that father's visitation rights were suspended, including any direct or indirect contact with daughter in any way except as provided in the order. The order further provided that father had to meet certain conditions in order to reinstate contact with his daughter. These conditions required father to submit to a comprehensive psychological evaluation, follow the recommendations of that evaluation, and complete no less than twenty clinical sessions with a clinical psychologist. After completion of these conditions, father was to contact Dr. Arnold Small, a licensed child psychologist who worked with the family, indicating his desire to engage in therapeutic counseling concerning his relationship with daughter.

In September 2004, father filed a motion to modify visitation, asserting that he had not seen or spoken with daughter for one year. He also contended there had been a material change in circumstances because he had substantially complied with the requirements of the September 12, 2003 consent order. In response, mother requested a finding that father was in contempt for his non-compliance with the September 12, 2003 order. Mother also requested a modification in the visitation terms so that there would be no further contact between daughter and father unless initiated by daughter.

The trial court held a two-day hearing on the issues. After hearing testimony from the parties, daughter, and several therapists, the trial court found that father failed to comply with the terms of the consent order because he failed to obtain a comprehensive psychological evaluation until after he contacted Dr. Small about resuming visitation rights. Although father attended psychological sessions, he did so before getting the psychological evaluation, thus the therapist did

not have the benefit of the evaluation during or before the sessions. Furthermore, father did not comply with the recommendations of the psychological evaluation because he disagreed with them. The evidence also showed that father contacted daughter indirectly via e-mail sent by a friend and he contacted daughter directly in October 2004.

The trial court analyzed the factors of Code § 20-124.3 in detail, finding that daughter, who was sixteen years old at the time of the hearing, was "extremely mature," "very articulate," and "old beyond her years." The trial court found daughter to be of sufficient intelligence and maturity to be able to express a rational preference concerning visitation with father. The court gave a "great deal of consideration" to her desire not to see father at all. Daughter indicated that she felt emotionally abused by father. She also stated that father constantly disparaged mother and he showed little interest in daughter's activities.

Based on a psychological assessment performed by Dr. Farber, the trial court found that father has serious mental and anger issues that need to be addressed. The court further stated that father rarely takes responsibility for his own behavior and actions and had extremely weak child-rearing skills. Dr. Farber's report also stated that father has little knowledge of child development and his actions could be destructive to a child. Dr. Farber recommended intensive psychotherapy and exploration of the possibility of psychiatric medication, and he stated that there was little to show that father had gained much from his twenty sessions with a therapist. Indeed, the court noted that father's direct and indirect attempts to contact daughter occurred concurrent with or after his twenty therapy sessions.

The court found that father had a positive relationship with daughter for about the first ten years of her life, but noted that Dr. Farber gave father extremely low marks for his ability to accurately assess and meet daughter's emotional, intellectual, and physical needs. The court found that father had "nonexistent" dispute resolution skills, citing testimony that the parties had been

terminated from using the services of the Child Access Center based on father's inability to comply with the center's rules. In addition, father once struck mother's car and blocked her car when the parties were transferring custody of daughter.

Based on the above factors, the court granted mother's motion and terminated father's visitation rights with daughter until daughter chooses to reinitiate the visitation through Dr. Small. The trial court denied father's motion for reunification therapy with daughter, finding that it could be detrimental to daughter. The trial court further found father in contempt of court for failing to follow the recommendations of the psychological evaluation and for contacting daughter directly and indirectly in violation of the September 12, 2003 consent decree. Mother requested $18,400 in attorney's fees, and the court awarded her $10,000 of the fees.

## Analysis

### Visitation/Parental Rights

Father contends the trial court's decision "effectively" terminated his parental rights with respect to daughter. However, father's assertion is clearly without merit. "When a court orders termination of parental rights, the ties between the parent and child are severed forever, and the parent becomes 'a legal stranger to the child.'" Lowe v. Dep't of Pub. Welfare, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986) (citation omitted). The termination of visitation does not render father a legal stranger to daughter. Furthermore, an order concerning visitation can be modified where there is "a showing of changed circumstances under Code § 20-108 and . . . proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003). Upon a satisfactory showing that father's detrimental conduct has been curbed and will not recur, father may seek review of his visitation rights. In addition, the order specifies that visitation may be renewed should daughter decide to pursue visitation through Dr. Small.

Father essentially argues that the trial court abused its discretion by terminating his visitation with daughter. Determination of visitation rights is a matter of judicial discretion. Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986). We will not set aside a trial court's visitation decision unless that decision is plainly wrong or without evidence to support it. Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). The record supports the trial court's determination that continued visitation with father is contrary to daughter's best interests.

As discussed in detail above, the record demonstrates that the trial court carefully weighed the evidence and considered the factors set forth in Code § 20-124.3, as required by Code § 20-124.2. Its decision properly focused on the best interests and welfare of daughter. The evidence supports the trial court's finding that father's conduct caused psychological and emotional injury to daughter resulting in her request to terminate his visitation. In addition, father alienated daughter through his repeated condemnation of mother. Furthermore, concerning the trial court's acceptance of the expert witnesses' testimony, "[i]t is well established that the trier of fact ascertains [an expert] witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Piatt v. Piatt, 27 Va. App. 426, 435, 499 S.E.2d 567, 571 (1998). The termination of father's visitation was a necessary and appropriate remedy for father's conduct. The trial court's determination reflects a sound exercise of judicial discretion.

Contempt

Father argues the trial court abused its discretion by finding him in contempt of the September 12, 2003 consent order.

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such." Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954). "A trial

court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'" Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted). Whether to grant a motion for contempt is a matter left to the discretion of the trial court which will not be reversed on appeal in the absence of an abuse of that discretion. See Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

Here, the evidence showed that father willfully disobeyed the requirements of the consent decree, which provided in clear and definite terms that, among other things, father was required to undergo a comprehensive psychological evaluation and follow its recommendations before visitation with daughter would resume. Yet father refused to accept the recommendations of the psychological evaluation. In addition, the consent decree also clearly specified that father was to have no direct or indirect contact with daughter, and the evidence showed that he violated both of these conditions. Accordingly, the trial court did not abuse its discretion by finding father in contempt.

### Attorney's Fees

Father argues the trial court abused its discretion by awarding mother $10,000 in attorney's fees. However, father cites no authority for this argument. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Mother requests an award of attorney's fees and costs for this appeal. Father's appeal is without merit. Therefore, we find that mother is entitled to recover reasonable attorney's fees and costs incurred by her in defending this appeal. We remand this matter to the trial judge for a

determination of those costs and fees.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479

S.E.2d 98 (1996).

Based on the foregoing, we affirm the judgment of the trial court, but remand for an

award of attorney's fees.

Affirmed and remanded.