COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


GARY D. McDOUGALL

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2313-09-4                            PER CURIAM
                                                        MAY 4, 2010
JANET E. McDOUGALL


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeny, Judge

(Gary D. McDougall, *pro se*, on brief).

(Christian M. Lapham; Jacob Alzamora; Cooch & Lapham, PLLC,
on brief), for appellee.


Gary D. McDougall, father, appeals a decision of the trial court related to the trial court's

modification, in part, of the terms of the parties' child visitation.  Upon reviewing the record and

briefs, we conclude that this appeal is without merit.  For the reasons stated below, we

summarily affirm the appeal.  See Rule 5A:27.  We also remand to the trial court for the limited

purpose of determining Janet E. McDougall's, mother's, attorney's fees and costs on appeal.

Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

On October 25, 2004, the trial court entered an agreed order of child custody and

visitation (the visitation order) concerning the parties' minor child.  Father was awarded primary

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

physical custody of the child, and mother was awarded visitation rights. Mother resides in Illinois.

In March 2009, when the child was fifteen years old, father filed a petition and motion for modification of the visitation order, asserting that the child's age, her academic goals, and her summer volunteer opportunities warranted a change in the summer visitation schedule. Father later filed a motion to amend the petition for modification, requesting a change in the three-day extended weekend component of the visitation order.

On June 8, 2009, the trial court held a hearing on father's motions and ruled that there was no material change in circumstances as to the child's college aspirations or advancing age warranting a change or decrease in mother's visitation time during the summer months. The trial court found that mother's alcohol consumption was disrupting her relationship with the child and there had been a material change in circumstances in this regard warranting a modification of the visitation order in furtherance of the best interests of the child. The court ordered that mother shall not consume alcohol during her visitation time with the child. The trial court also modified the summer visitation schedule by ordering that father first select a four-week period for the child's involvement in an academic enrichment program followed by mother's selection of several periods of uninterrupted parenting time with the child. The trial court ordered that the child return to father's custody on Sunday afternoon or evening on the three-day visitation weekends with mother.

Father appealed the trial court's decision to this Court.

## Analysis

"A trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003) (citing Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986)).

As the party seeking to modify visitation, father bore the burden to prove: (1) there had been a material change of circumstances since the most recent visitation award and (2) that a change in custody would be in the best interests of the child. See Hughes v. Gentry, 18 Va. App. 318, 321, 443 S.E.2d 448, 450-51 (1994).

"When a trial court has entered a final custody and visitation order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003). "'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of the children." Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998) (quoting Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983)), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999).

"Whether a change in circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993). "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).

Father lists numerous questions presented that all essentially assert the trial court erred in its decision. He contends the trial court erred by failing to consider all the factors of Code § 20-124.3 and by considering only the following circumstances when making its decision: the child's college aspirations and advancing age and mother's alcohol consumption. Father also asserts the trial court ignored certain evidence he presented at the hearing, such as his utilization of the summer months to provide developmental experiences for the child. Father contends the trial court's decision was unsupported by the record and was plainly wrong.

When the trial court considers all the factors outlined in Code § 20-124.3, "it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

The trial court heard the evidence presented at the hearing, including the evidence of the child's schoolwork load, extracurricular activities, and college prospects. Evidence was also presented that the child has academic program opportunities in the area of mother's residence, the child is satisfied with several aspects of her visitation with mother, and the child has enjoyed seeing her relatives during her visitation with mother.

When announcing its decision from the bench, the trial court stated, "the Northern Virginia area does not have a monopoly on educational opportunities. They could be just as available in the Chicago area . . . ." The trial court also expressed concern that father's requests to decrease mother's visitation time with the child would give mother "virtually no time to have any type of relationship with her child." Although the trial court commented only on several predominant considerations for its decision, nothing in the record indicates the trial court failed to evaluate all the factors enunciated on Code § 20-124.3.

Furthermore, in modifying the visitation schedule, the trial court awarded father the first choice in selecting a four-week time period in the summer months for the child's involvement in an academic enrichment program. In addition, the trial court changed the three-day weekend schedule so that the child will return to father's custody on Sundays instead of Mondays on those weekends. "The court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the child's welfare." Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986). The record supports the trial court's decision.

Father also asserts the trial court's order was inconsistent with its findings concerning whether material changes in circumstances existed. Although the trial court ordered some modifications in the visitation schedule, it did not order any changes regarding the amount or length of time mother has visitation with the child. Accordingly, there was no inconsistency in the order and the trial court's findings that there had not been a material change in circumstances warranting a change in custodial time.

Father also contends the trial court erred in considering the "best interests of mother" instead of the best interests of the child based on the trial court's expressed concern that father's requested changes in visitation would give mother "virtually no time to have" a relationship with the child. Code § 20-124.3 specifically provides that the trial court shall consider the relationship existing between each parent and the child and the role each parent will play in the upbringing of the child. Although we do not interpret the trial court's remark as an indication that it considered the "best interests of mother" when making its decision, it was appropriate for the trial court to consider the relationship between the child and mother.

Father asserts the trial court's order that mother not consume alcohol during the child's visitation falls woefully short of the court's duty to assure the best possible environment for the child. The trial court heard evidence, including testimony from the child, concerning the effects of mother's alcohol consumption. The record clearly supports the trial court's exercise of its discretion by restricting the mother's use of alcohol during visitation. See Eichelberger, 2 Va. App. at 412, 345 S.E.2d at 12.

Mother asks for attorney's fees and costs incurred in connection with this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that mother is entitled to reasonable attorney's fees and costs.

For the foregoing reasons we affirm the decision of the trial court.

Affirmed and remanded.