COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

MICHAEL LOTHAR KOSS

v.      Record No. 1032-13-4

NEKEA JENELL BROWN

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 5, 2013

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

(Pamela L. Cave; Cave Family Law, on briefs), for appellant.

(Wendy H. Schwartz; Wendy H. Schwartz and Associates, PLLC, on
brief), for appellee.

Michael Lothar Koss (father) appeals a visitation order. Father argues that the trial court

erred by (1) limiting the content of his telephone conversations with the parties' minor children

"contrary to the First Amendment of the United States Constitution"; (2) limiting the content of his

telephone conversations with the parties' minor children contrary to this Court's holding in

Eichelberger v. Eichelberger, 2 Va. App. 409, 345 S.E.2d 10 (1986), and the requirements for an

injunction as set forth in D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 610 S.E.2d 876 (2005);

(3) limiting the activities that father can engage in with his children during their telephone

conversations, "thus imposing an injunction against him with regard to his children"; and

(4) establishing parameters with father's visitation that "interfere with his fundamental right to make

decisions concerning the upbringing, education, and care" of the parties' minor children.[1] Upon

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Father includes a fifth assignment of error in which he asks this Court to award him his
attorney's fees and costs incurred on appeal.

reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

## BACKGROUND

On July 23, 2010, the trial court entered a custody and visitation order, which included a provision allowing father to call the children at 8:00 p.m. on days that he did not have visitation with them. The order stated that the telephone calls would last no longer than fifteen minutes per child, or a total of thirty minutes if father spoke with the children at the same time.

On March 30, 2012, the parties appeared before the trial court on a show cause, and the trial court held that Nekea Jenell Brown (mother) was in violation of the 2010 custody and visitation order with respect to the "telephone visitation" and ordered that "the calls should occur as close to 8:00 p.m. as possible."

Father is a native of Germany and wants his children to learn the German language and learn about their heritage. During his telephone calls, he worked with the children on their German homework. In 2012 and 2013, the calls between father and the children became strained. The children did not always have their German homework completed and did not respond to father in a manner that he thought was appropriate. Father and mother disagreed about how to handle the telephone calls and exchanged numerous emails regarding the situation. For example, on numerous occasions, father would report to mother that one, or both, of the children were "disrespectful," and he would ask mother how she was going to discipline the child, or children. Mother would respond by asking father to address the situation when he was on the phone with the child or by asking him what he wanted her to do. On some occasions, mother would explain that a child was sick or was upset because father hung up on the child. Mother testified that father yelled at the children during several of their telephone calls.

There also was discussion regarding when father would call the children. Father would insist that he speak with the children at 8:00 p.m., per the court order. On one occasion, one of the children wanted to go to a school dance and mother asked to move the call time. Father agreed, so long as the child called him after the dance. On another occasion, a child wanted to go to a slumber party, and father insisted that she take her German homework to the party and be prepared to talk with him at 8:00 p.m.

On January 31, 2013, father filed a motion to modify the visitation order. He sought additional visitation time in the summer,[2] as well as increased telephone access to the children.

The trial court heard evidence and argument on April 16, 2013. Both sides presented evidence regarding the telephone calls. Father argued that mother was not supporting him and his telephone calls with the children. He wanted to use his telephone time with the children to teach them German and teach them about the German culture. He asserted that the children did not always have their German materials, which he provided to mother, or that they did not have their German homework complete. Mother, on the other hand, argued that father was being "abusive" toward the children and her because of his demands regarding the German homework. Mother also asserted that father was not flexible with the telephone calls and insisted that he speak with the children every day at 8:00 p.m. At the conclusion of the hearing, the trial court modified father's telephone calls by changing the times for the calls and ordering that father "shall not do German homework with the children during his telephone calls with them." On May 9, 2013, father filed his objections to the trial court's ruling, and the trial court entered the order on May 10, 2013. This appeal followed.

---

[2] Father's summer visitation was not raised as an assignment of error and will not be addressed by this Court.

ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount

concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387

S.E.2d 794, 795 (1990).

"A trial court's determination with regard to visitation is reversible only upon a showing

that the court abused its discretion." Stadter v. Siperko, 52 Va. App. 81, 88, 661 S.E.2d 494, 497

(2008) (citing M.E.D. v. J.P.M., 3 Va. App. 391, 398, 350 S.E.2d 215, 221 (1986)). "Where the

record contains credible evidence in support of the findings made by that court, we may not retry

the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford

Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

*A.  Assignment of Error 1*

In his first assignment of error, father argues that the trial court abused its discretion in

limiting the content of his telephone calls with his children because it violates his First

Amendment right to free speech.

The trial court determined that it was in the children's best interests not to do their

German homework on the telephone with father. It found the telephone calls to be harmful to the

children. "The protection of children from harm, whether moral, emotional, mental, or physical,

is a valid and compelling state interest." Knox v. Lynchburg Div. of Soc. Serv., 223 Va. 213,

223, 288 S.E.2d 399, 404 (1982).

The only limitations are during telephone calls. The trial court did not otherwise interfere

with father's freedom of speech. For example, father is free to do German homework with the

children when they are face-to-face.

"We find the remedy imposed by the trial court under these circumstances to be

appropriate to advance the compelling state interest in protecting the children in the least

- 4 -

restrictive effective manner and to be consistent with father's parental and free [speech] rights." Roberts v. Roberts, 41 Va. App. 513, 524, 586 S.E.2d 290, 295-96 (2003).

## B. Assignment of Error 2

Father argues that the trial court abused its discretion by limiting the content of his telephone calls with his children.

The trial court ruled that father could not do German homework with the children during his telephone calls. Father contends this ruling is in violation of Eichelberger v. Eichelberger, 2 Va. App. 409, 345 S.E.2d 10 (1986).

In Eichelberger, 2 Va. App. at 413, 345 S.E.2d at 12, the Court held that

> when visitation privileges have been liberally granted without restriction, absent a finding by the court that the non-custodial parent has acted without concern for the child's well-being or best interest, has demonstrated irresponsible conduct, has interfered with basic decisions in areas which are the responsibility of the custodial parent, or finding that the activity which is questioned by the custodial parent presents a danger to the child's safety or well-being, neither the custodial parent nor the court may intervene to restrict activities during visitation.

Father contends he should be allowed to do what he wants during his telephone calls with the children, including helping them with their German homework.

The trial court acknowledged that father's German heritage is important to him. However, the trial court found that doing the German homework over the telephone was "causing a great deal of difficulty and a great deal of trouble and . . . [was] poisoning all of the relationships here." There was evidence of the children crying and of father yelling at them and calling them "stupid" and "liars." Mother testified that the calls were disruptive to their household. The trial court held that it was not in the best interests of the children to do the German homework over the telephone because it was "causing a great deal of difficulty and stress." The trial court concluded, "It would be much better for the children to know less

German and have a more open relationship with their father and their father to have a better relationship with their mother than it is that they learn more German." The record supports the trial court's findings that it was in the children's best interests not to do German homework on the telephone with their father.

The trial court clarified that father could assist the children with their German homework when he visited with them, but not during phone calls. As the trial court explained to father, "it's not really your time." The children are "on their mother's time" and father is "getting a phone call." Contrary to father's argument, the trial court did not misapply the holding in Eichelberger. The telephone calls are a method of father maintaining contact with the children, but the children are still in mother's care.

The trial court did not abuse its discretion in holding that father could not do German homework with the children over the telephone because it was not in the best interests of the children.

### C. Assignment of Error 3

Father argues that the trial court abused its discretion by limiting the activities that father can engage in with his children during their telephone calls, which essentially imposed an injunction against him. Father relies on D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 610 S.E.2d 876 (2005), to support his argument.

Father contends mother did not file any responsive pleadings in the case below and "requested her injunctive relief during her defense of the case at issue." Father also asserts that the trial court erred by "entering a prohibition against him without meeting the legal requirements necessary to support the imposition of an injunction . . . ."

Mother argues that father failed to preserve this argument pursuant to Rule 5A:18 and failed to include this issue in his designation of the assignments of error. We agree. In his

designation of the assignments of error, father's third assignment of error states, "The Trial Court abused its discretion by limiting the activities that Mr. Koss can engage in with the parties' minor daughters during their telephone visitation time." However, in his opening brief, father changed the assignment of error to state:

> The Trial Court abused its discretion by limiting the activities that Mr. Koss can engage in with the parties' minor daughters during their telephone visitation time, thus imposing an injunction against him with regard to his children contrary to the Court's holding in *Eichelberger v. Eichelberger, 2 Va. App. 409, 345 S.E.2d 10 (Va. App. 1986)*, and *D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 610 S.E.2d 876 (Va. App. 2005)*.

Pursuant to Rule 5A:25(d), appellant shall file a statement of the assignments of error. Appellant changed his assignment of error when he filed his opening brief. Mother, however, does not assert that this affected her ability to prepare her appellate argument.

Father's argument in his opening brief focuses solely on whether the trial court erroneously imposed an injunction against him. Father raises this issue for the first time on appeal. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

### D. Assignment of Error 4

Father argues that the trial court abused its discretion by placing parameters on his telephone calls with his children because it interfered with his right to make decisions concerning the upbringing, education, and care of the children.

Father relies on the holdings in L.F. v. Breit, 285 Va. 163, 736 S.E.2d 711 (2013), and Troxel v. Granville, 530 U.S. 57 (2000), to support his arguments. The Supreme Court of Virginia has stated, "The relationship between a parent and child is a constitutionally protected liberty interest under the Due Process Clause of the Fourteenth Amendment," and "[a]ny statute that seeks to interfere with a parent's fundamental rights survives constitutional scrutiny only if it

is narrowly tailored to serve a compelling state interest." Breit, 285 Va. at 182, 736 S.E.2d at 721 (citations omitted). Furthermore, the Due Process Clause protects a parent's fundamental right to make decisions concerning his or her child's "care, custody and control." Id. at 182-83, 736 S.E.2d at 722.

In this case, the trial court did not "interfere[]" with father's "ability to provide education and information to his children that he, as their father, believes is important for them." The trial court restricted father from doing German homework with the children during their telephone calls. It did not restrict father from teaching the children German during his face-to-face visitations. Father can still provide the education and information to the children, just not during their telephone calls. The trial court found that doing German homework during the calls was harmful and not in the children's best interests. As stated above, the trial court did not abuse its discretion in making this finding.

*Attorney's fees and costs*

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.