UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, O'Brien and Senior Judge Clements
Argued at Alexandria, Virginia


MICHAEL HENRY VECHERY

                                            MEMORANDUM OPINION[*] BY

v.        Record No. 1143-16-4        JUDGE JEAN HARRISON CLEMENTS
                                              APRIL 4, 2017

FLORENCE COTTET-MOINE


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Michael Vechery, *pro se*.

Brian D. West (Sandground, West, Silek & Raminpour, PLC, on
brief), for appellee.


      Michael Vechery (father) appeals a custody and visitation order.  Father argues that the

circuit court erred by (1) awarding Florence Cottet-Moine (mother) legal and physical custody of

their daughter and "banning" father from attending her gymnastic practices; (2) "failing to re-open

testimony, prior to issuing its May 2, 2016 order, to consider evidence that [mother] had been

charged with assaulting [father];" (3) "allotting only 7 hours to a custody trial that the parties and

prior judge expected to take two full days;" (4) "refusing to conduct an *in camera* interview with the

daughter or to otherwise assess her ability to appear as a witness;" and (5) prohibiting the parties'

daughter from playing competitive golf for one year "despite the absence of evidence suggesting

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that she was being harmed in any way by playing competitive golf."[1]  We find no error, and affirm the decision of the circuit court.

## BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below."  D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005) (citations omitted).

Mother and father are the parents to a child born in 2005.  On January 22, 2014, the Montgomery County Circuit Court in Maryland entered the most recent custody and visitation order.  The court awarded the parties joint legal custody of the child, but mother had "tie-breaking authority."  The court also established a visitation schedule.

After father moved from Montgomery County to Loudoun County, he filed a motion to amend custody and visitation.  The Loudoun County Juvenile and Domestic Relations District Court awarded mother sole custody of the child.  Father appealed to the circuit court.

On April 7, 2016, father filed a motion requesting an *in camera* interview of the child by the circuit court.  On April 14, 2016, the parties appeared before the circuit court and presented their arguments regarding the motion.  On April 20, 2016, the circuit court entered an order that deferred its ruling on the motion until the court heard further evidence.

---

[1] Mother argues that father did not comply with several procedural rules and asks this Court to dismiss his appeal.  We find that any procedural errors, as discussed herein, do not warrant dismissal of the appeal.

On April 20, 2016, the parties presented their evidence and argument. Father offered evidence in support of his request for joint legal custody and primary physical custody of the child. Mother offered evidence in support for her request for sole custody of the child. At the conclusion of the evidence, the circuit court requested that the parties submit a written brief regarding the change of circumstances, the factors in Code § 20-124.3, and the relief requested.

On April 27, 2016, father filed a motion to reopen the evidence because of an incident that occurred on April 24, 2016. As a result of the incident, mother was charged with assault and battery against father. Father also renewed his request for an *in camera* interview with the child.

On April 29, 2016, both parties filed the requested briefs with the circuit court. On May 2, 2016, the parties appeared before the circuit court, which issued its ruling orally. The circuit court discussed, in detail, its findings pursuant to the Code § 20-124.3 factors. The circuit court stated that it did not need to speak with the child and did "not find her of an age to state her preference." The circuit court ordered sole legal and physical custody of the child to mother and modified father's visitation. The circuit court further held that the child was not to play competitive golf for one year. It also held that father was not allowed to attend the child's gymnastics practices and that he had to remain on the sideline of the opposing team when he attended the child's other sporting events.

On June 3, 2016, the parties appeared before the circuit court for clarification of the ruling. On June 7, 2016, the parties appeared before the circuit court for further clarification and presentation of the order. On June 9, 2016, the circuit court entered the custody and visitation order. This appeal followed.

ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

*Assignment of error #1*

Father argues that the circuit court erred in awarding mother sole legal and physical custody of their daughter and prohibiting him from attending the child's gymnastics practices.

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Those factors are:

> 1. The age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;
>
> 2. The age and physical and mental condition of each parent;
>
> 3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;
>
> 4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;
>
> 5. The role that each parent has played and will play in the future, in the upbringing and care of the child;

6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child;

7. The relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child;

8. The reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference;

9. Any history of family abuse as that term is defined in § 16.1-228 or sexual abuse. If the court finds such a history, the court may disregard the factors in subdivision 6; and

10. Such other factors as the court deems necessary and proper to the determination.

Code § 20-124.3.

A court "is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

The circuit court reviewed each of the factors and explained, in detail, its findings. The circuit court concluded that "[t]here is no cooperation between these parties," and "it is not in [the child's] best interests for them not to be able to cooperate."

On appeal, father disagrees with many of the circuit court's factual findings. The circuit court expressed concerns it had about father. The circuit court made its findings after seeing and hearing the witnesses. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668

(1997) (*en banc*). Contrary to father's arguments, the evidence supports the circuit court's findings.

The circuit court held that father disrupted the child's gymnastics practices. A witness testified that father would show up at gymnastics practice, interrupt the class, and pull the child out of practice. She would not return to the practice until mother told her to do so. Based on the evidence, the circuit court did not abuse its discretion when it prohibited father from attending gymnastics practices.

*Assignment of error #2*

Father argues that the circuit court erred in not granting his motion to re-open the evidence and allowing him to present evidence about mother's assault and battery charge.

On April 27, 2016, which was seven days after the parties presented their cases, father filed a "Verified Motion to Reopen the Evidence." In his motion, he discussed an incident that occurred on April 24, 2016 at the child's soccer game. The incident resulted in mother being charged with assault and battery against father and father requesting a protective order. Father argued that the circuit court should hear evidence about the incident because it demonstrated mother's "detrimental and hugely destructive behavior . . . that fully reflects her decision-making and lack of awareness of how her behavior and hostility affect[s]" the child.

Contrary to father's assertions, the circuit court did not rule on father's motion. Since father did not obtain a ruling on his motion, "there is no ruling for [this Court] to review." See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

*Assignment of error #3*

Father argues that the circuit court erred in "allotting only 7 hours" for the parties' trial because the parties had discussed with a different judge that they would need two full days.

Father asserts that he was "severely prejudiced" by being "forced to cut witness testimony short and deprived of an afternoon to prepare his witnesses."

At the beginning of the hearing on April 20, 2016, father's counsel informed the circuit court that they appeared before a different judge a week prior and told the judge that they did not think that they had sufficient time to present the case in one day. The prior judge did not alter the hearing date and told the parties to come back on April 20. On April 20, the circuit court asked counsel if they agreed on the amount of time for the hearing when they scheduled it. Father's counsel responded that they had been in agreement to set the hearing for one day. The circuit court then stated, "So you asked for one day, you're going to get one day and divide your time accordingly."

> A litigant has a right to have his case fully and fairly argued before the jury. In the absence of statutes providing otherwise, the time allowed counsel for argument is within the sound discretion of the court, the exercise of which will not be interfered with by an appellate court in the absence of a clear showing of prejudice to the substantial rights of the complaining party. No precise rule can be laid down as to the time limit to which the argument of counsel may be properly restricted. What limitation is a reasonable one will necessarily depend greatly upon the circumstances and nature of the particular case.

Brown v. Peters, 202 Va. 382, 391, 117 S.E.2d 695, 700 (1961) (citations omitted).

There is no indication that father was prejudiced by the circuit court holding the parties to their original agreement to present the custody and visitation case in one day.[2] Contrary to father's arguments, he had sufficient time to present his witnesses and make his arguments. In addition, the circuit court allowed the parties to submit written briefs to further argue their positions at the conclusion of the evidence. The circuit court did not abuse its discretion in holding that the custody and visitation case would be heard in one day.

---

[2] The issues of child support and attorney's fees were scheduled for another day.

*Assignment of error #4*

Father argues that the circuit court erred in refusing to conduct an *in camera* interview with the child. On April 7, 2016, father filed a motion requesting that the court meet with the child in chambers, outside of the presence of the parties. The circuit court deferred ruling on the motion until after it had heard the evidence. In the middle of the hearing on April 20, 2016, father's counsel withdrew his motion for an *in camera* interview. Counsel told the circuit court that he spoke with father, and they decided that the child's "voice has been heard sufficiently" through the evidence presented. After the evidence was presented, father filed a motion to reopen the evidence and renewed his motion for the circuit court to conduct an *in camera* interview with the child. On May 2, 2016, the circuit court issued its ruling from the bench. While reviewing the Code § 20-124.3 factors, the circuit court held that it did not need to speak with the child.

In M.E.D. v. J.P.M., 3 Va. App. 391, 404, 350 S.E.2d 215, 224 (1986), this Court held, "In the absence of any action to call the child as a witness, we believe the court did not err in declining to 'meet with' her in chambers." At the time the evidence was presented in this case, father did not call the child as a witness and agreed that the child did not need to be called. Consequently, the circuit court did not err by refusing to conduct an *in camera* interview with the child.

*Assignment of error #5*

Father argues that the circuit court erred in ordering that the child could not play competitive golf for one year. He asserts there was no evidence to suggest that prohibiting the child from playing competitive golf is in her best interests.

Both mother and father testified that the child was a good golf player and enjoyed golf. Father presented evidence that the child was "phenomenal" at golf "for her age" and had "the

potential to definitely make it on the LPGA [tour]."[3]  Father testified that the child played in nineteen golf tournaments the year prior to the hearing, and he would like for her to play in between twenty and twenty-five golf tournaments for the upcoming year.  Father admitted that he was willing to take the child out of school, so that she could travel and play in a golf tournament.  He also did not like the fact that mother took the child to a different golf pro for a lesson because father believed that the lesson negatively affected the child's swing.

Mother testified that she and the child participated in a parent-child golf event and that father was upset.  He emailed her to say that he did not want the child to play any competitive golf on mother's weekends without his approval.  He also did not want mother to come to any of the child's golf tournaments.

With respect to the child's participation in golf, the final order states:

> [The child] shall not be permitted to play competitive golf for one year.  Competitive golf is defined by the court as no tournaments and no lessons with any golf pro with the exception of the Father.  The Father and [the child] may play no more than one (1) round of golf per week or five (5) hours with putting and practice whichever is greater.  When [the child] returns to Golf Tournaments the Father shall inform in advance to the Mother of all tournament[s] the child is involved and signed up for with the location day and time.

The circuit court found that the child was "probably a very talented golfer."  The circuit court noted that father wants the child to play more golf, but he "basically forbids mother from participating with [the child] and golf pretty much on any level."  The circuit court held that "father seems to have a one-track focus that golf is it."

> The authority vested in a trial court to decide issues concerning the care, custody, support and maintenance of the minor children, the visitation rights of the non-custodial parent, and the extent to which those rights and responsibilities shall be apportioned between estranged parents is a matter of judicial discretion which

---

[3] LPGA is the abbreviation for Ladies Professional Golf Association.

courts must exercise with the welfare of the children as the paramount consideration.

Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986). This Court held that a court may restrict a child's activity with the non-custodial parent when "the activity presented a danger to the child or otherwise affected the child's welfare." Id. at 411, 345 S.E.2d at 11.

The circuit court held that competitive golf affected the child's welfare. The judge explained, "It is too much stress and I just think maybe if we take that out of the equation, perhaps things will calm down a bit." Considering the facts of this case, the circuit court did not abuse its discretion in prohibiting the child from playing competitive golf for one year.

*Attorney's fees and costs*

Mother asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny her request for an award of attorney's fees and costs she incurred on appeal.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.